# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY ANGELA JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:13-cv-0809-WTL-MJD |
| JOHN LAYTON, SHERIFF OF MARION COUNTY, INDIANA, | ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

This Cause is before the Court on the Plaintiff's motion to amend/correct her amended complaint (dkt. no. 80). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the following reasons.[1]

### I. BACKGROUND

The facts relevant to the lawsuit are found in a previous Entry, dkt. no. 77, and are incorporated herein. A brief procedural history relevant to the present motion follows.

Plaintiff Mary Angela Johnson filed suit against the City of Indianapolis, the Sheriff of Marion County, Indiana, Health and Hospital Corporation of Marion County d/b/a Wishard Memorial Hospital ("Wishard"), William Snyder, and Tim Steele in Marion County Superior Court on April 23, 2013. The case was removed to this Court on May 16, 2013. On October 31, 2013, Ms. Johnson timely filed a motion to amend her complaint, which the Court granted; among other things, the amended complaint dismissed the City of Indianapolis.

---

[1] Because the Court does not believe oral argument would be helpful, the Plaintiff's motion for oral argument (dkt. no. 83) is **DENIED**.

On November 15, 2013, Defendants Wishard, Snyder, and Steele ("the Wishard Defendants") filed a motion to dismiss. The Court granted that motion on April 18, 2014, and dismissed all claims against them in Ms. Johnson's amended complaint. Currently, therefore, Defendant Sheriff Layton is the sole remaining Defendant.

On May 16, 2014, however, Ms. Johnson filed a motion to amend/correct her amended complaint because her previous complaints "failed to clearly set forth the necessary legal framework by which to demonstrate the sufficiency of the facts pled," dkt. no. 80 at 4; she moved for oral argument on her motion on May 30, 2014. The Wishard Defendants and Sheriff Layton oppose both motions, arguing that she lacks good cause and/or that her amendment would be futile.

## II.     STANDARD

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(3). However, since the Plaintiff is seeking to amend her complaint after the deadline set forth in the case management plan, she has to show that good cause exists for the amendment. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'") (citing Fed. R. Civ. P. 16(b)). Further, the Seventh Circuit has noted that "[a]lthough leave to amend a complaint should be freely granted when justice so requires, *see* Fed. R. Civ. P. 15(a), the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal*

*Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). With this standard in mind, the Court turns to the Plaintiff's motion.

### III. DISCUSSION

As noted above, the Defendants argue that Ms. Johnson has failed to establish good cause for her amendment. The Court agrees. The only reason Ms. Johnson gives, other than noting that justice so requires, is that her previous two complaints were deficient because they were prepared by her former counsel. This argument is without merit. Ms. Johnson's current counsel entered his appearance on January 31, 2014; if he believed the First Amended Complaint was deficient after he reviewed it, a more timely motion should have been filed. *See Trustmark*, 424 F.3d at 553 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."). Instead, he waited until after this Court dismissed the Wishard Defendants to remedy the concededly deficient complaint. The facts of the case have not changed, and Ms. Johnson had ample opportunity to plead a more sufficient complaint if she so desired. No good cause has been shown.

Moreover, with regard to the Wishard Defendants, Ms. Johnson's proposed second amended complaint fares no better than the previous, rendering any amendment futile.[2] Ms. Johnson repeatedly asserts that she has pled numerous new facts that show the Wishard Defendants "were motivated by their prejudicial stereotype of [her] because she was female."

---

[2] Ms. Johnson scoffs at the Wishard Defendants for arguing that her amendment would be futile, noting that this is akin to another Rule 12(b)(6) motion. *See* dkt. no. 82 at 1-2 ("Defendants' [sic] really move this Court to 'dismiss' the Second Amended Complaint for 'failure to state a claim' pursuant to Rule 12 rather than deny leave to amend pursuant to Rule 15."). Despite Ms. Johnson's argument to the contrary, the Seventh Circuit expressly permits the Court to deny a motion to amend if it would be futile. *See, e.g.*, *Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 603 (7th Cir. 2014) ("We see no basis for remanding to the district court to allow Han to amend the complaint because any amendment would be futile.").

*See* dkt. no. 82 at 4-10. The Court disagrees. After reviewing her proposed Second Amended Complaint, the Court views the new facts as mere additional details. For instance, the Court now knows that Ms. Johnson was wearing a dress on the night she was attacked, and that the rape occurred on a cold and rainy Easter Sunday. *See* dkt. no. 80-1 ¶¶ 13-14. These, and other, details fail to address the deficiencies the Court noted in its previous Entry.

Deputies Snyder and Steele are still entitled to qualified immunity because they acted reasonably based on how Ms. Johnson was behaving—those facts have not changed, and Ms. Johnson continues to admit that she was acting belligerently, screaming and physically assaulting hospital staff. *See* dkt. no. 80-1 ¶¶ 6, 18. With regard to Wishard, the only new salient allegation in Ms. Johnson's proposed Second Amended Complaint is as follows: "Other female victims found and brought to Wishard under similar circumstances, who like Mary were victims of rape by males and not criminals, were also charged, arrested, incarcerated, and treated callously, with disdain and disregard of their constitutionally protected rights." *Id*. ¶ 42. This is far too conclusory to suffice. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal citations and quotation marks omitted).

## IV. CONCLUSION

Ms. Johnson has not demonstrated good cause for why, at this late phase in the litigation, she should be allowed to amend her complaint. Moreover, the Court agrees that, with respect to the Wishard Defendants, the amendment would be futile. Her motion to amend/correct her amended complaint (dkt. no. 80) is, therefore, **DENIED**.

SO ORDERED: 10/14/14

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification