UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| MARY ANGELA JOHNSON, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| vs. | ) ) | CAUSE NO. 1:13-cv-0809-WTL-MJD |
| CITY OF INDIANAPOLIS, et al., | ) ) |  |
| Defendants. | ) |  |

## ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on a Motion for Judgment on the Pleadings filed by Defendant John Layton, Sheriff of Marion County (Dkt. No. 97). The Plaintiff has not responded to the motion, and the time for doing so has passed. The Court, being duly advised, **GRANTS** the motion for the following reasons.

### I. APPLICABLE STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). The Court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id*. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta*, 499 F.3d at 633 (citation omitted).

## II. BACKGROUND

The facts of this case are found in a previous Entry, Dkt. No. 77, and are incorporated herein. In April 2013, Plaintiff Mary Angela Johnson filed a suit against Sheriff Layton, Health and Hospital Corporation of Marion County d/b/a Wishard Memorial Hospital ("Wishard"), and Special Deputies William Snyder and Travis Steele. Johnson alleged eight counts against the Defendants, arising out of an unfortunate incident in which she was attacked and raped. On April 18, 2014, the Court granted Defendants Wishard, Snyder, and Steele's motion to dismiss (Dkt. No. 77). Thus, only Johnson's *Monell* claims (Count I) against Sheriff Layton remain.

## III. DISCUSSION

Sheriff Layton moves for judgment on the pleadings arguing that "[t]he Sheriff cannot be held liable for a constitutional deprivation allegedly brought about through an official policy or custom because the Court dismissed all other alleged constitutional violations[;] therefore, Plaintiff's remaining *Monell* claims are not properly before this Court and must be dismissed." Dkt. No. 97 at 5. Indeed, Johnson's *Monell* claims against Sheriff Layton allege that the Marion County Sheriff's Office's "policies and customs" and/or Sheriff Layton's[1] actions and omissions caused the alleged violation of her Equal Protection rights. *See* Dkt. No. 40, Count I.

The Supreme Court has noted that "neither *Monell v. New York City Dept. of Social Services*, nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (internal citation omitted). Because the Court found that no underlying constitutional violation

---

[1] The Amended Complaint alleges that Sheriff Layton is "an official with final policy-making authority with respect to the Special Deputy program." Dkt. No. 40 ¶ 96.

occurred by the actions taken by Deputies Snyder and Steele on the night in question, no liability can be placed on Sheriff Layton. Accordingly, the Court **GRANTS** Sheriff Layton's Motion for Judgment on the Pleadings on the *Monell* claims alleged against him in Johnson's Amended Complaint (Dkt. No. 97).

## IV. CONCLUSION

For the foregoing reasons, Defendant Sheriff Layton's Motion for Judgment on the Pleadings (Dkt. No. 97) is **GRANTED**.

SO ORDERED: 2/17/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification